Efren Perez MENDEZ; Sara Lidia
Gutierrez–Lopez, Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Efren Perez Mendez; Sara Lidia
Gutierrez–Lopez,
Petitioners,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 05–70412, 07–70423.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Aug. 8, 2008.

Ashwani K. Bhakhri, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

John R. Cunningham, Linda S. Wendtland, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioners seek review of (1) the Board of Immigration Appeals' (BIA) denial of their motion to reopen, and (2) the BIA's dismissal of their appeal of the Immigration Judge's (IJ) order denying them cancellation of removal.

1. In their motion to reopen, petitioners claimed that they received ineffective assistance of counsel when an attorney failed to move for a stay of voluntary departure after the petition for review was filed in this court. They explained that, as a consequence of this alleged ineffective assistance, the period in which they could voluntarily depart expired. Petitioners asked the BIA to reissue the decision dismissing their appeal.

The BIA denied the motion on the ground that it lacked jurisdiction to provide the relief requested because the ineffective assistance occurred during judicial review proceedings. But, pursuant to 8 C.F.R. § 1003.2(a), "[t]he Board may at any time reopen or reconsider on its own motion *any case in which it has rendered a decision.*" (Emphasis added.) This language demonstrates that the BIA *does* have jurisdiction to grant the request to reissue the same substantive decision with a later date of issuance, as it may *sua sponte* reopen any case, for any reason, in which it has previously rendered a decision.[1]

The BIA's decision whether *sua sponte* to reopen and reissue a removal order is discretionary and nonreviewable. *See Ekimian v. I.N.S.,* 303 F.3d 1153, 1159 (9th Cir.2002). But here, the BIA erroneously ruled that it lacked any authority at all to grant the relief requested. We thus grant the petition in No. 07–70423 and remand to the BIA for reconsideration of the motion to reopen, taking into account its discretionary authority to grant the relief requested. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("[T]he BIA's failure to exercise its own discretion, contrary to existing regulations[,] is reversible error.") (quotation marks omitted).

2. Petitioners also raise challenges to the BIA's dismissal of their appeal from the IJ's ruling denying them cancellation of removal. If the BIA exercises its discretion to reissue the dismissal order, however, the petition for review currently pending will be moot, as the decision being reviewed will have been vacated. *See In re Palma,* 2006 WL 901551 (BIA Mar. 13, 2006) (vacating prior order and issuing new order incorporating the text of the vacated order); *see also Berkeley Community Health Project v. City of Berkeley,* 119 F.3d 794, 795 (9th Cir.1997) ("Because the district court has vacated its preliminary injunction, this appeal is dismissed as moot.").

We thus vacate submission of the petition for review in No. 05–70412, pending the BIA's reconsideration of the motion to reopen as directed above. The parties are directed to provide the court with the BIA's decision upon reconsideration of the motion to reopen within 30 days of its issuance. At that time, the court will resubmit for decision the petition in 05–70412.

In 07–70423, the petition is GRANTED and REMANDED. In 05–70412, submis-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Indeed, the Board regularly reissues its decisions affirming removal orders, so as to facilitate court review. *See, e.g., In re Urgilez-Sisalima,* 2007 WL 4699964 (BIA Nov. 9, 2007); *In re Palma,* 2006 WL 901551 (BIA Mar. 13, 2006); *In re Christian,* 2005 WL 1766779 (BIA May 3, 2005).

sion is vacated pending the BIA's reconsideration of the motion to reopen.